UNITED STATES of America,
Petitioner-Plaintiff,

v.

63.04 ACRES OF LAND, MORE OR LESS, SITUATE AT LIDO BEACH, near the City of Long Beach, Town of Hempstead, County of Nassau, New York, and Irving A. Nemerov, et al., Defendants.

C. P. No. 95.

United States District Court
E. D. New York.
March 15, 1956.

Harry T. Dolan, Sp. Asst. to the Atty. Gen., for petitioner-plaintiff.

Nathan D. Shapiro, Brooklyn, N. Y., for Bessie N. Shapiro and others, Irving A. Nemerov and Sam H. Lipson, trustee in bankruptcy for William T. Nemerov, defendants.

Leonard R. Fisher, New York City, of counsel for Irving A. Nemerov, defendant.

Jacob Patent, New York City, for Gilbert D. Paisner and others, defendants. Leo Teiman, Brooklyn, N. Y., of counsel.

Purdy, Lamb & Catoggio, New York City, for Inge Quadsem, defendant. Edmund F. Lamb, New York City, of counsel.

John A. Morhous, Hempstead, N. Y., for Town of Hempstead, defendant. B. Thomas Pantano, New York City, of counsel.

INCH, Chief Judge.

On July 2, 1954, this condemnation action, involving about 58 acres of land, which included tracts A–101, A–102, A–103 and A–106, situated at Lido Beach, near the City of Long Beach, Town of Hempstead, County of Nassau, State of New York, was instituted and an order granting the Government possession of said property was entered. On December 20, 1954, a declaration of taking of said property, dated December 2, 1954, was filed. The questions presented at the trial were the fair value and just compensation which should be paid by the Government for the taking of said tracts of land, and the severance damage which should be paid by the Government for the depreciation in value of the lands, not taken, adjoining said tracts of land, which latter question involved the issue of title to parts of said lands.

After considering all the evidence and all the exhibits adduced at the trial and inspecting and viewing all the property involved herein, and reading and considering all the briefs submitted by counsel, and all the various arguments of counsel, I make the following findings of fact and conclusions of law:

As to Tracts A–101, A–102 and A–103:

1. Tract A–101 consists of approximately 26.66 acres, comprising the major portion of Tax Lot 507, Section 60, Block E, of Town of Hempstead, and ex-

tends from Lido Boulevard to the southerly bulkhead line of Reynolds Channel as claimed by the Town of Hempstead. The Government did not take the minor portion of said tax lot, consisting of approximately 7.20 acres, located in the southwesterly corner of said tax lot and adjoining said tract on the southwest.

2. Tract A–102 consists of approximately 27.90 acres, comprising all of Tax Lot 305, in said section and block, and extends from Lido Boulevard to the southerly bulkhead line of Reynolds Channel as claimed by the Town of Hempstead.

3. Tract A–103 consists of approximately 3.70 acres, comprising the minor portion of Tax Lot 15, in said section and block, and lies in the southwesterly corner of said tax lot, with small frontage on Lido Boulevard and no frontage on said bulkhead line. The Government did not take the major portion of said tax lot, consisting of approximately 18 acres, located in the northeasterly part of said tax lot and adjoining said tract on the northeast.

4. (a) The lands lying north of said bulkhead line and extending northward to Reynolds Channel, referred to as the "bulge area", not taken, consist of approximately 9.60 acres, adjoining Tract A–101 on the north, and approximately 6.11 acres, adjoining Tract A–102 on the north.

(b) Title to said lands is asserted by the defendants, owners of said tracts, and by the defendant, Town of Hempstead.

5. The defendants, owners of Tracts A–101, A–102 and A–103, claim compensation for the taking of said tracts of land and severance damage for the depreciation in value of the lands not taken, adjoining said tracts of land, based upon a unit value of $12,000 per acre. The Government contends that said compensation and said damage should be based upon a unit value of $2,500 per acre.

6. The defendants, owners of Tracts A–101 and A–102, and the defendant, Town of Hempstead, adduced proof in support of their assertions of title to said lands lying north of said bulkhead line and extending northward to Reynolds Channel, adjoining said tracts on the north, referred to as the "bulge area", not taken.

7. The defendants, owners of Tracts A–101, A–102 and A–103, and the Government adduced proof in support of their claims and contentions as to the fair value and just compensation which should be paid by the Government for the taking of said tracts of land and the severance damage which should be paid by the Government for the depreciation in value of the lands, not taken, adjoining said tracts of land.

8. July 2, 1954 is the date of valuation and fixing of compensation.

9. As of the date of taking, the defendants, owners of Tracts A–101 and A–102, did not have title to said lands lying north of said bulkhead line and extending northward to Reynolds Channel, adjoining said tracts on the north, referred to as the "bulge area", not taken. (See description by metes and bounds in Exhibits Hempstead 1E and 1F.)

10. As of July 2, 1954, the fair market value of Tracts A–101, A–102 and A–103 and the lands, not taken, adjoining said tracts of land, was $3,000 per acre.

11. (a) Approximately the 3.67 acres of the 7.20 acres, not taken, adjoining Tract A–101, have been depreciated 50% of their value.

(b) The fair value and just compensation which should be paid by the Government for the taking of Tract A–101, consisting of approximately 26.66 acres, and including severance damage to the 7.20 acres, not taken, adjoining said tract, is hereby fixed and determined to

be the sum of $85,485 arrived at as follows:

Value of entire tract before taking (33.86 acres at $3,000 per acre) .......... $101,580.00

Value of remainder after taking 7.20 acres........ 16,095.00

Value of part taken, including damages to remainder ................... $ 85,485.00

12. The fair value and just compensation which should be paid by the Government for the taking of Tract A–102, consisting of approximately 27.90 acres, is hereby fixed and determined to be the sum of $83,700 arrived at as follows:

Value before taking (27.9 acres at $3,000 per acre) .. $83,700.00

No remainder ............. –0–

Value of lands taken ....... $83,700.00

13. (a) Approximately the 3.85 acres of the 18 acres, not taken, adjoining Tract A–103, have been depreciated 50% of their value.

(b) The fair value and just compensation which should be paid by the Government for the taking of Tract A–103, consisting of approximately 3.70 acres, and including severance damage to the 18 acres, not taken, adjoining said tract, is hereby fixed and determined to be the sum of $16,875 arrived at as follows:

Value of entire tract before taking (21.7 acres at $3,000 per acre) .......... $65,100.00

Value of remainder after taking ................. 48,225.00

Value of part taken, including damages to remainder ................... $16,875.00

As to Tract A–106:

1. Tract A–106 consists of approximately 10,500 square feet, comprising Tax Lot 71, Section 59, Block 82, Town of Hempstead, and lies on the east side of Blackheath Road.

2. The defendant, owner of Tract A–106, claims compensation for the taking of said tract of land, based upon a value of $11,600. The Government contends that said compensation should be based upon a value of $5,000.

3. The defendant, owner of Tract A–106, and the Government adduced proof in support of their claims and contentions as to the fair value and just compensation which should be paid by the Government for the taking of said tract of land.

4. July 2, 1954, is the date of valuation and fixing of compensation.

5. As of July 2, 1954, the fair market value of Tract A–106 was $7,500.

6. The fair value and just compensation which should be paid by the Government for the taking of Tract A–106 is hereby fixed and determined to be the sum of $7,500.

Settle order.